# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Michael Dewayne Outley, Jr.,
Plaintiff
-vs-
Paul Penzone, et al.,
Defendants.

CV-19-0724-PHX-JAT (JFM)

**Order**

Under consideration are Plaintiff's Motion to Inform, Clarify & Request (Doc. 12) and Motion for Leave to File 2nd Amended Complaint (Doc. 13), filed July 10, 2019.

## A. BACKGROUND

On February 1, 2019, pro se Plaintiff Michael Outley, Jr., who is confined in the Maricopa County Jail, filed his **original Complaint** pursuant to 42 U.S.C. § 1983 (Doc. 1). On April 17, 2019, the Court screened (Doc. 6) that Complaint, dismissing various claims and defendants, but ordering answers from the remaining Defendants. Because all of the remaining defendants were fictitiously named, a deadline for Plaintiff to submit notices of substitution providing true names was set.

Instead, on June 20, 2019, Plaintiff filed a "redlined" version of his **First Amended Complaint** (Doc. 9), along with a request (Doc. 8) asking the Court to accept the redlined version. The Court accepted the redlined version as an amendment as a "matter of course" pursuant to Federal Rules of Civil Procedure 15(a)(1) (despite the fact that the redlining was of essentially the entire complaint), and stayed service pending screening pursuant to 28 U.S.C. § 1915A(a).

On June 27, 2019, the undersigned magistrate judge issued a **Report & Recommendation** (Doc. 11) conducting that screening, and recommending entry of an order dismissing various claims and defendants, but ordering answers from the remaining

Defendants. That Report and Recommendation remains pending with District Judge Teilborg.

## B. MOTION TO INFORM, CLARIFY & REQUEST

Plaintiff has now filed his Motion to Inform, Clarify & Request (Doc. 12), apparently seeking to avoid screening, leave to file a second amended complaint, and advanced leave to amend.

**Screening Requirement** - Plaintiff references the Report & Recommendation and expresses his belief that his First Amended Complaint would have been take as one as a "matter of course," and asks that his Second Amended Complaint be accepted as a "matter of course." Plaintiff is confused about the relationship between the right to amend as a matter of course and the screening requirements applicable to Plaintiff's pleadings.

The Court did accept his First Amended Complaint as a matter of course. If it had not, the Court would have evaluated the factors applicable to granting leave to amend before proceeding to screening. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("In assessing the propriety of a motion for leave to amend, we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Futility alone can justify the denial of a motion for leave to amend.").

Despite the acceptance of the First Amended Complaint as a "matter of course," the Court remained obligated under 28 U.S.C. § 1915(e)(2) (*in forma pauperis*) and 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c) (*pro se* prisoner/detainee complaints) to screen the complaint and dismiss any claims that were frivolous, malicious, fail to adequately state a claim, or seek monetary relief from a defendant who is immune. That requirement applies to all complaints by persons, such as Plaintiff, appearing *in forma pauperis* and as *pro se* prisoners, whether original, amended as a "matter of course," or amended by leave of the Court.

Indeed, two of the provisions are not restricted to pleadings at all, but instead directs

that the court shall dismiss "the case at any time if the court determines," §1915(e)(2), "if the court is satisfied," § 1997e(c)(1), or if "on its face," § 1997e(c)(2), the claim is frivolous, malicious, fails to state a claim, etc.

Section 1915A(a) goes further and mandates that the Court actively screen for such claims, and applies that requirement to "a complaint in a civil action," without restriction on original, amended, etc. Indeed, the only case found excusing such screening is where the amended complaint was filed by counsel. *See Simmons v. CDCR,* 49 F. Supp. 3d 700, 701 (E.D. Cal. 2014) (discussing lack of clarity on requirement for screening of represented prisoner civil rights complaints, and practice of court not to do so given lack of practical necessity for construction of counsel filed complaint and Rule 11 obligations of counsel).

**Leave to File Second Amended Complaint** – Plaintiff seeks leave to file his Second Amended Complaint as a "matter of course." Plaintiff proffers no authority for the Court to do so. Federal Rules of Civil Procedure 15(a)(1) clearly provides: "party may amend its pleading *once* as a matter of course." (Emphasis added.) Plaintiff has already done so. That Plaintiff's amendment may have been ill conceived or premature does not authorize an exception. With regard to the merits of the request for leave to amend, the Court will address it in connection with the separate Motion to Amend (Doc. 13).

**Future Leave to Amend** – Plaintiff seeks advance leave to amend to assert various defamation claims against certain named persons. The Court does not grant such advanced leave for two reasons. First, evaluating the factors governing a grant of leave requires evaluation of the amendment being made, and thus generally requires presentation of the proposed amendment. Second, such a request is not in compliance with Local Rule of Civil Procedure 15.1 which mandates provision of redlined amended pleadings to assist the Court and parties in evaluating amended pleadings.

Moreover, Plaintiff seeks leave without limitation in time. At some point, resetting a case by amended pleadings and adding claims and defendants becomes prejudicial to the parties and an inefficient means of prosecuting cases. (Of course, that does not prevent a

party from filing a separate action to pursue such claims, but it does prevent disruption of the existing action.)

## C. MOTION TO FILE SECOND AMENDED COMPLAINT

In his Motion for Leave to File 2nd Amended Complaint (Doc. 13), seeking leave to file his lodged Second Amended (Doc. 14), to adequately state a state law claim of defamation, clarify and cure deficiencies in his earlier pleadings.

Leave to amend is to be "freely" given. Fed. R. Civ. Proc. 15(a)(2). Applying the relevant factors, *see Nunes*, 375 F.3d at 808, the Court finds no reason to deny leave. There appears no reason to conclude that Plaintiff is proceeding in bad faith. He has not unduly delayed, but has promptly sought to cure purported deficiencies, etc. Given the short time elapsed, there appears no reason to conclude prejudice will result to defendants. Although the Court has not completed screening, there appears no reason to belief the amendment is futile. Although Plaintiff has previously amended his complaint, this is only his second amendment, and is a prompt response to cure claims dismissed on screening.

Accordingly, the lodged Second Amended Complaint will be filed. The Court will proceed, by separate order or report & recommendation, to screen that complaint, and to address service. In the meantime, service will remain stayed.

## D. REPORT & RECOMMENDATION AND OBJECTION

In light of the filing of the Second Amended Complaint, the current Report & Recommendation is moot, and will be withdrawn.

In his Motion for Leave to File 2nd Amended Complaint (Doc. 13), Plaintiff asks that his motion "be considered as a written objection to the recommendations on the first amended complaint. (Doc. 13 at 3.) In light of the withdrawal of the Report & Recommendation, this request is moot.

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Inform, Clarify & Request,

filed July 10, 2019 (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File 2nd Amended Complaint, filed July 10, 2019 (Doc. 13) is **GRANTED** to the extent of the relief provided herein.

**IT IS FURTHER ORDERED** that Plaintiff's proposed Second Amended Complaint, lodged July 10, 2019 (Doc. 14) be **FILED**.

**IT IS FURTHER ORDERED** that the Report & Recommendation filed June 27, 2019 (Doc. 11) is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that service in this matter remain **STAYED** pending screening of the Second Amended Complaint.

Dated: July 15, 2019

19-0724-012o Order 19 07 12 on Motion to Inform.docx

James F. Metcalf
United States Magistrate Judge