**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dewayne Outley, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Paul Penzone, et al., <br><br> Defendants. | No. CV-19-00724-PHX-JAT (JFM) <br><br> **ORDER** |

Pending before this Court is the Report and Recommendation (R&R) from the Magistrate Judge (Doc. 17) recommending screening and service of the Second Amended Complaint (Doc. 15). Plaintiff has objected to the R&R. (Doc. 18). The Court will review the portions of the R&R to which there is an objection de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

**I. Recommendation**

The R&R recommends that this Court find that:

> (1) Count 1 fails to adequately state a claim; (2) Count 2 adequately states claims against Defendants Penzone and Spurgin of unreasonable searches under the Fourth Amendment, denial of religious liberties under the First Amendment, and RLUIPA violations, arising from the viewing of his strip searches by female officers; and (3) Count 3 adequately states claims of excessive force as to Defendants Collins, Price, Lango, Dodd, Gardea and Fontaine, and on state law defamation as to Defendants Gonzalez, Ngo, Collins, Bella, Price, Payne, and Longa.
> Accordingly, Count 1, and all other claims in Counts 2 and 3, and Defendants Williams and Smith, should be dismissed without prejudice.

(Doc. 17 at 21-22).

## II. Objections

### A. Count 1

Plaintiff objects to the recommended dismissal of Count 1, arguing that mail he receives from the courts is legal mail that cannot be opened outside his presence by jail staff. Plaintiff largely premises this argument on his belief that his juvenile records are sealed, and that jail staff would not be aware of those records. (Doc. 18 at 1-4).

This Court agrees with the R&R that based on the law of the Ninth Circuit, and the law of this case, mail from courts is not "legal mail" subject to the protection of being opened in Plaintiff's presence. (Doc. 17 at 7-8). Thus, this Court overrules this objection and the R&R will be adopted as to Count 1.

### B. Count 2

Count 2 involves Plaintiff's various claims regarding strip searches to which he is subjected. The R&R recommends that this Court find that he states a claim under: 1) the 4th Amendment (Doc. 17 at 9-11); 2) the 1st Amendment (Doc. 17 at 12-13); and 3) RLUIPA[1] (Doc. 17 at 13). The R&R further recommends that this Court dismiss the due process claim, the equal protection claim and Defendant Smith (all of which is also found in Count 2).

Plaintiff objects and first argues that his claim is factually broader than as summarized by the R&R. (Doc. 18 at 5). The R&R defined the scope of the claims it recommended be allowed to survive screening because those facts stated a claim.[2] Thus, to the extent Plaintiff is objecting and asking that this Court expand the scope of the claims based merely on Plaintiff's wish that the claims be broader, that objection is overruled.

Plaintiff also reiterates facts that the R&R already considered but makes no substantive objections as to why the R&R is legally or factually incorrectly. (Doc. 18 at

---

[1] Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc to 2000cc-5 (2000).

[2] By way of example, the R&R concludes that Plaintiff states a claim, "…arising from the viewing of his strip searches by female officers." (Doc. 17 at 14). In his objections, Plaintiff states that his claim is based on anyone viewing him, not just females. The R&R limited what states a claim to Plaintiff being viewed by the opposite sex; Plaintiff offers no legal basis for expanding this claim.

4-6). Accordingly, the objections as to Count 2 are overruled.

Thus, the R&R is accepted as to Count 2 as follows:

> Count Two adequately states claims against Defendants Penzone and Spurgin of unreasonable searches under the Fourth Amendment, denial of religious liberties under the First Amendment, and RLUIPA violations, arising from the viewing of his strip searches by female officers. Because this is the only count in which allegations are made against Defendant Smith, and it fails to adequately state a claim against him, Smith [will] be dismissed.

(Doc. 17 at 14).

### C. Count 3

Count 3 involves Plaintiff's claims of excessive force and defamation. The R&R recommends that this Court find that Plaintiff adequately states a claim of excessive force against Defendants Collins, Price, Lango, Dodd, Gardea, and Fontaine, but not against Defendants Payne, Penzone or Spurgin. (Doc. 17 at 17, 21). Further, the R&R recommends that this Court find that Plaintiff adequately states a defamation claim against Defendants Gonzalez, Ngo, Collins, Bella, Price, Payne, and Longa. (Doc. 17 at 21).

Like Count 2, Plaintiff objects to this recommendation, but his objection only reiterates facts that the R&R already considered. (Doc. 18 at 6-9). Plaintiff does not make a substantive objection as to why the R&R is legally or factually incorrectly. Accordingly, the objection is overruled.

## III. Motion to Supplement Objections

After filing his objections to the R&R, Plaintiff filed a motion to supplement his objections. Objections were due within 14 days of the R&R being filed; thus, the supplement, filed 26 days after the R&R issued, is untimely. Accordingly, the motion to supplement is denied because it is untimely.

Moreover, on the merits, the supplement relates to Count 1 and argues that this Court should consider the State's recent actions in his criminal matter pending in State Court. The State's failure to object to certain filings in State Court has no bearing on what states a claim in this Court; accordingly, even if the Court allowed the untimely supplement, it would not change the result of this screening order.

## IV. Conclusion

Based on the foregoing,

**IT IS ORDEREDED** that the R&R (Doc. 17) is accepted, and the objections (Doc. 18) are overruled. Specifically,

(1) Count 1 fails to adequately state a claim;

(2) Count 2 adequately states claims against Defendants Penzone and Spurgin of unreasonable searches under the Fourth Amendment, denial of religious liberties under the First Amendment, and RLUIPA violations, arising from the viewing of his strip searches by female officers;

(3) Count 3 adequately states claims of excessive force as to Defendants Collins, Price, Lango, Dodd, Gardea and Fontaine, and on state law defamation as to Defendants Gonzalez, Ngo, Collins, Bella, Price, Payne, and Longa; and

(4) Count 1, and all other claims in Counts 2 and 3, and Defendants Williams and Smith, are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Motion to Supplement (Doc. 19) is denied.

Dated this 28th day of August, 2019.

James A. Teilborg
Senior United States District Judge